# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERONIMO CONTRERAS-CUADRAS, | CIVIL CASE NO. 07CV1705 |
| Petitioner/Defendant, | CRIM CASE NO. 06CR2391 |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent/Plaintiff. | |

HAYES, Judge:

The matters before the Court are 1) Petitioner/Defendant's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 22) and 2) Petitioner/Defendant's Motion for Immediate Deportation (Doc. # 21).

## BACKGROUND

On October 11, 2006, a complaint was filed against Petitioner charging him importation of cocaine. Petitioner waived indictment and an information was filed charging him with importation of cocaine in violation of 21 U.S.C. §§ 952 and 960.

In November 2006, Petitioner entered a plea of guilty before this Court to the charge in the Information pursuant to a plea agreement. In the plea agreement, the Petitioner and Respondent jointly agreed to recommend a base offense level of 34 reduced to 31 for a role adjustment under § 2D1.1(a)(3); a two level reduction for safety valve, if applicable; a two

level downward adjustment for minor role; a three level downward adjustment for acceptance of responsibility; and a two level downward departure for fast track resulting in a total offense level of 22.  Paragraph eleven[1] of the plea agreement stated in part as follows: "In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing. . . . If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived." (Doc. # 24-2, Exhibit B at 10.)

The Plea Agreement further stated "[i]f defendant is not a United States citizen or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official.  Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this and any other case." *(Id.)*  At the plea hearing, the Defendant stated that he was not a United States citizen, that he was a citizen of Mexico, and that he understood that he will be deported to Mexico upon the completion of any custodial sentence that the court imposes.  (Doc. # 24-2, Exhibit C at 9.)

Petitioner stated in open court at the plea hearing that he had reviewed and discussed the plea agreement paragraph by paragraph with his counsel prior to signing the agreement; that the plea agreement had been translated into the Spanish language for him at the time that he reviewed the agreement; and that he had no questions for the Court about any of the terms of the plea agreement.  *(Id.* at 4.)  Petitioner informed the Court that he understood that "if the Court follows the plea agreement, [he] may not appeal the sentence or later collaterally attack

---

[1] Petitioner initialed each page of the plea agreement and signed the plea agreement at page 12 along with counsel for the Respondent, and counsel for the Petitioner.

this sentence or judgment." (*Id.* at 10.) The Court found the defendant freely, voluntarily, and competently entered the plea; that Defendant understood the plea agreement, the charges against him, and the consequences of the plea; that there was a factual basis for the plea; and that the Defendant had knowingly and intelligently waived his rights. (*Id.* at 12.)

At the sentencing hearing, counsel for Petitioner informed that Court that he had reviewed the presentence report with the Petitioner. Counsel for the Government recommended sentencing guideline range of 41-51 months and a sentence of 41 month consistent with the plea agreement. The Court found a base offense level of 34 reduced to 31 for minor role; a two level reduction for safety valve; a two level downward adjustment for minor role; a three level downward adjustment for acceptance of responsibility; and a two level downward departure for fast track resulting in a guideline range of 41 to 51 months. The Court imposed a 41month sentence. Counsel for Petitioner informed the Court that the sentence complied with the plea agreement and that Petitioner had waived his right to appeal the sentence.

Petitioner did not file a direct appeal.

On August 31, 2007, Petitioner filed the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody and Motion for Immediate Deportation pending before this Court.

**APPLICABLE LAW**

28 U.S.C. §2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**ANALYSIS**

Petitioner moves the Court to vacate, set aside or correct his sentence on the grounds that his ineligibility for certain Bureau of Prisons programs based upon his citizenship and his designation to a privately run facility violates his rights under the Equal Protection Clause. Petitioner contends that his ineligibility for certain Bureau of Prisons programs based upon his

- 3 -

citizenship increases his sentence and results in more onerous conditions of confinement. Petitioner contends that he is entitled to a sentence reduction of 6 to 12 months and an order of immediate deportation.

Respondent contends that the motions should be denied on the grounds that the Petitioner knowingly and voluntarily waived his right to collaterally attack his sentence in the plea agreement. Respondent contends that Petitioner has procedurally defaulted on all claims because he did not raise any claims on direct appeal. Respondent further asserts that Petitioner's claim based upon his ineligibility for programs based upon his citizenship do not warrant an adjustment to his sentence or an order for immediate deportation.

**Waiver of appeal in the plea agreement**

A defendant may waive the statutory right to file a § 2255 petition challenging the length of his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.) *cert. denied*, 508 U.S. 979 (1993). "Generally, the Court will enforce a defendant's waiver of appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000)(citations omitted). "A waiver of the right to appeal is knowing and voluntary where the plea agreement as a whole was knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005).

Petitioner collaterally attacks the length of the sentence imposed on the grounds that it violates his rights to equal protection of law. Petitioner does not raise any claim of ineffective assistance of counsel or contest the validity of his waiver of appeal or collateral attack in the plea agreement. The Court finds that Petitioner knowingly and voluntarily entered into a written plea agreement expressly waiving his right to appeal or collaterally attack his sentence if the Court imposed a sentence within the sentencing range recommended in the plea agreement. The Court imposed a sentence of 41 months at the low end of the sentencing range recommended in the plea agreement and Petitioner expressly waived his right to collaterally attack his sentence which includes this motion pursuant to § 2255 challenging the legality of the sentence imposed.

**Discrimination on the basis of alienage**

Petitioner moves the Court to order a reduction of his sentence of six to twelve months in order to reflect his inability to earn a sentence reduction for participation in the Residential Drug and Alcohol Abuse Program, and his inability to serve ten percent of his sentence in a halfway house. Petitioner contends that his sentence reflects more onerous conditions of confinement as a result of his alienage and deportability in violation of the Equal Protection clause.

Respondent contends that Petitioner's Equal Protection clause claims do not warrant an adjustment to his sentence based upon his status as a deportable alien. Respondent further contends that Petitioner's status as a deportable alien does not provide a basis for a downward departure.

To the extent that Petitioner is challenging the legality of his sentence under § 2255 and this challenge in not waived, Petitioner must show that the Bureau of Prison policy of denying rehabilitation services to alien prisoner is wholly irrational. *Hernandez-Mezquita v. Ashcroft*, 293 F.3d 1161, 1163-64 (9th Cir. 2002). "Line drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." *Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001) (internal quotation omitted).

The Sentencing Reform Act provides in part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau of Prisons may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence. . .
> (5) any pertinent policy statement issued by the Sentencing Commission.

18 U.S.C. § 3621(b). The Court finds that the asserted Bureau of Prison policy of denying alien prisoners certain benefits and services available to assist a prisoner in the reentry into the community is not wholly irrational and does not violate the Equal Protection clause. Petitioner

in this case, like other illegal alien prisoners, will be released to the custody of the Attorney General for deportation upon completion of his sentence and will not be released into the community. *See, U.S. v. Rodas-Jacome*, 06cv1481JM (April 24, 2007) ("Since the purpose of rehabilitating prisoners is to prepare then for reentry into the community, and since this purpose does not apply to alien prisoners who will be deported from the United States upon completion of their sentences, . . . the BOP's policy is not wholly irrational."); and *Lizarraga-Lopez v. U.S.,* 89 F.Supp. 2d 1166, 1169-70 (S.D.Cal. 2000) (Gonzales, J., presiding) ("legitimate policy interests and Congress's plenary power over alien affairs provide sufficient reasons to uphold . . . differential treatment" in the opportunity to participate in a home or community confinement program); *See also, United States v. Restrepo*, 999 F.2d 640, 645 (2nd Cir. 1993) (Bureau of Prison policy denying reassignment to a minimum security facility on the basis of alienage in order to prepare prisoner for reentry is permissible since illegal alien prisoners are released into the custody of the Attorney General and not released back into the community.)

Petitioner's status as a deportable alien does not provide a basis to challenge the legality of his sentence under 28 U.S.C. § 2255 and does not provide a basis for a belated downward departure under the Sentencing Guidelines. The record in this case establishes that the Court considered Defendant's request for a downward departure based upon aberrant behavior and combination of factors and found that the 41 months sentence imposed by the Court "is the minimum sentence that will satisfy the 3553 factors." (Doc. # 24-2, Exhibit D at 9.)

///

**CONCLUSION**

IT IS HEREBY ORDERED that 1) Petitioner/Defendant's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 22) is DENIED and 2) Petitioner/Defendant's Motion for Immediate Deportation (Doc. # 21) is DENIED.

DATED: November 15, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge